1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHANDEEP SINGH,

            Petitioner,

    v.

KRISTI NOEM, et al.,

           Respondents.

No. 1:26-cv-00224 WBS CSK

MEMORANDUM AND ORDER RE:
PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER

----oo0oo----

       Before the court is petitioner Chandeep Singh's motion for a temporary restraining order, in which he asks to be released from custody or provided an individualized hearing. (Docket No. 2 at 1.)

       Petitioner concedes that he entered the United States illegally and without inspection on April 8, 2023. (Id. at 2.) Petitioner provides no dates for his initial encounters with Immigration and Customs Enforcement ("ICE"), but he was apparently detained, released pursuant to his asylum claim, then

1

re-detained by ICE on December 11, 2025.  (Id.)

          "The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

          Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted." Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted).  "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere possibility of success is insufficient to satisfy this factor; instead, a petitioner must demonstrate "a strong likelihood of success on the merits." Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).

          Petitioner adds that his motion may also be granted if

2

he raises "serious questions on the merits" of his claims. (Docket No. 2 at 13 (citing <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F. 3d 1127 (9th Cir. 2011).)  This court has previously expressed disapproval of "the continued viability of the 'serious questions' test" in light of the Supreme Court's instruction that absent a "'clear command from Congress' to the contrary, the 'serious questions' test may not be used." <u>E.R.J.B. v. Wofford</u>, No. 1:25-cv-01843 WBS SCR, 2025 WL 3683118, at *2 (E.D. Cal. Dec. 18, 2025) (citing <u>Starbucks Corp. v. McKinney</u>, 602 U.S. 339, 346 (2024)).

But even assuming the so-called "serious questions" test remained viable, this court found that test inapplicable to mandatory injunctions, such as those "ordering the government to either release petitioner or to provide him with a bond hearing that the government would not have otherwise provided," which is what petitioner seeks here.  <u>E.R.J.B.</u>, 2025 WL 3683118, at *3. Accordingly, the court again declines to apply the "serious questions" test and analyzes petitioner's motion pursuant to the test articulated in <u>Winter</u>, 555 U.S. at 20.

Petitioner argues his detention violates due process because he was not provided with a hearing.  (Docket No. 2 at 3-4.)  Petitioner makes no claim that he was denied substantive due process; the sole issue is whether petitioner was denied procedural due process.  (<u>Id.</u> at 4.)

This court has now dealt with many petitions like this one, in which it found that noncitizens present in the United States who were never legally admitted were presumably

3

"applicants for admission" under 8 U.S.C. § 1225(b) and thus subject to mandatory detention.  See, e.g., Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025) ("The suggestion that petitioner may evade the designation of 'applicant for admission' merely because he has already entered the United States elides the fact that he was never lawfully admitted."); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025) (same); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (same); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063 (E.D. Cal. Dec. 10, 2025) (same).

Petitioner presents neither facts nor arguments that distinguish his case from these prior decisions.  Accordingly, the court again concludes that "the procedure authorized by Congress" in 8 U.S.C. § 1225(b) constitutes procedural "due process" as far as petitioner is concerned.  Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); see also Angov v. Lynch, 788 F.3d 893, 898 (9th Cir. 2015) (for noncitizen who "never technically 'entered' the United States," "procedural due process is simply whatever the procedure authorized by Congress happens to be." (citation modified)); Grigoryan v. Barr, 959 F.3d 1233, 1241 (9th Cir. 2020) (same).  And because 8 U.S.C. § 1225(b) does not "say[] anything whatsoever about bond hearings," petitioner is not entitled to one.  Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).

Petitioner has been afforded the applicable process and

4

has therefore failed to demonstrate a likelihood of success on the merits of his claim that additional process is due.  That being the case, the court "need not consider the other [preliminary injunction] factors."  <u>California v. Azar</u>, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same hereby is, DENIED.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

Dated:  January 13, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE