UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDEEP SINGH (A-246-628-517), | No. 1:26-cv-00224 WBS-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Chandeep Singh (A-246-628-517), a citizen of India, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on April 8, 2023 without inspection, and was released to pursue his asylum claim. On December 11, 2025, petitioner was re-detained and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

///

///

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.   FACTUAL BACKGROUND[2]

Petitioner is a 21-year old citizen of India.  (ECF No. 1 at 3.)  On April 8, 2023, petitioner entered the United States without inspection and was released by U.S. Immigration and Customs Enforcement ("ICE") to pursue his asylum claim.  (Id.)  On April 10, 2023, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3]  (Id. at 16.)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)  Petitioner's asylum claim is pending.  (Id. at 3.)

On December 11, 2025, petitioner was re-detained by ICE and has been in continuous detention since this date.  Petitioner was not provided a pre-deprivation hearing.  (See id.)  Respondents do not contest petitioner's factual allegations.  (See ECF No. 8.)

## II.   PROCEDURAL BACKGROUND

On January 12, 2026, petitioner filed his petition for writ of habeas corpus and motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 13, 2026, the district judge denied the motion for a temporary restraining order, and referred the matter to the assigned magistrate judge.  (ECF No. 4.)  On January 21, 2026, respondents timely filed an amended return to the habeas petition, and on January 28, 2026, petitioner timely filed a traverse.  (ECF Nos. 9, 11.)  On April 1, 2026, petitioner filed a request to expedite the decision on the merits.  (ECF No. 14.)  Briefing is complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 16.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 9.)

[3]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges his re-detention based on the following claims:  violation of (1) the INA; and (2) the Fifth Amendment procedural due process clause.  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that because petitioner entered the United States illegally, he is an "applicant for admission" and his detention is mandatory under 8 U.S.C. § 1225(b)(2).  (ECF No. 9 at 1.)  Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (Id. at 2.)

Generally, "decisions at the preliminary injunction phase do not constitute law of the case" because "a preliminary injunction decision is just that: preliminary."  Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)).  "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Arizona v. California, 460 U.S. 605, 618 (1983).  "Law of the case directs a court's discretion, it does not limit the tribunal's power."  Id.

Here, in denying petitioner's motion for a temporary restraining order, the district court

3

concluded that "noncitizens present in the United States who were never legally admitted were presumably 'applicants for admission' under 8 U.S.C. § 1225(b) and thus subject to mandatory detention."  1/13/2026 Order at 3-4 (citing Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063 (E.D. Cal. Dec. 10, 2025) (internal parentheticals omitted)).  The district court further concluded that "the procedure authorized by Congress in 8 U.S.C. § 1225(b) constitutes procedural due process as far as petitioner is concerned."  1/13/2026 Order at 4 (internal quotation marks omitted).  The district court denied petitioner's motion for a temporary restraining order, holding that "Petitioner has been afforded the applicable process and has therefore failed to demonstrate a likelihood of success on the merits of his claim that additional process is due."  Id. at 4-5.  Other district courts and circuit courts agree, though this is the minority approach.  See, e.g., Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).

In contrast, in other similar cases, this Court has previously and consistently found that re-detention of a noncitizen previously released by immigration authorities and present in the United States without a pre-deprivation hearing violates the noncitizen's due process rights and violates the INA.  See, e.g., Mansare v. Wofford, 1:26-cv-0433 DJC CSK, 2026 WL 764765 (E.D. Cal. Mar. 18, 2026), findings and recommendations adopted, 2026 WL 828502 (E.D. Cal. Mar. 25, 2026); Tang v. Noem, 1:26-cv-01333 TLN CSK, 2026 WL 670353 (E.D. Cal. Mar. 10, 2026), findings and recommendations adopted, 2026 WL 766499 (E.D. Cal. Mar. 18, 2026).  This Court follows the majority of federal courts.  See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026

WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025). This Court recognizes that the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split. At this time, there is no binding authority on district courts in the Ninth Circuit where neither the Ninth Circuit nor the Supreme Court have decided the issues.

It is unclear to this Court whether law of the case applies here where the denial of the motion for a temporary restraining order was issued before the completion of merits briefing, including before any response from the government was filed, and before the record was complete. To the extent law of the case does apply, the district court's prior conclusions would result in denial of the habeas petition.

Assuming law of the case does not apply, for the reasons stated in Mansare v. Wofford, Tang v. Noem, and other similar cases, this Court respectfully disagrees. This Court recommends granting the habeas petition on both claims and ordering petitioner's immediate release where he was previously released by immigration authorities into the United States in April 2023 and was permitted to live in the United States for over 2.5 years.

**V.      CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.   Respondents be ordered to IMMEDIATELY release petitioner Chandeep Singh (A-246-628-517). If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing. **This injunction does not address other circumstances**

**where detention authority is established under different authority than what is presented in this case** (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing.0224.26.frs-merits

6